## SEELIG v. STATE OF ARKANSAS.

1. CRIMINAL LAW; *Sabbath breaking by keeping store door open.*
   To commit the offense of Sabbath breaking by keeping a store door open on Sunday, it is not necessary to keep it so opened as to in-

duce customers to enter and trade. It is sufficient if the door is partially open, or intentionally left unlocked, so that any person may enter as readily as if left open. Or if it is opened to the knocking of a stranger and he admitted or invited in, this is a keeping open within the prohibition of the statute.

APPEAL from *Phillips* Circuit Court.
Hon. M. T. SANDERS Circuit Judge.

*Thweatt & Quarles* for appellant.

No offense is charged in the indictment. The mere fact that the door was open, or opened, is no crime. The indictment must set forth the charge in the words of the statute. *Gantt's Dig. Sec.* 1618; 22 *Am. Dec. p.* 774–5; 38 *Ark.,* 519.

There is a total want of evidence to support the verdict. No proof that defendant was at the store, or that the door was open with his knowledge, or by his consent or directions, and he cannot be held criminally responsible for the acts of his kook-keeper.

*Moore, Att'y Gen'l,* contra.

It was not necessary to prove a sale, the *keeping open of his store* was a complete offense under the statute. *The act was unlawful,* and if he had any excuse or other defense he should have shown it. *Gantt's Dig., Sec.,* 1618; 34 *Ark.,* 447; 36 *Ib.,* 222.

SMITH, J. Seelig was charged by affidavit before the Mayor of Helena with Sabbath-breaking, by keeping open the door of his store. He was convicted and fined there, and again on appeal to the Circuit Court.

He moved for a new trial for misdirection and because the verdict was contrary to the evidence.

7——43

Stansell, the City Marshal, swore that he saw a side door of the store open on a certain Sunday shortly before the prosecution was begun, and saw a boy pass out with a bundle. Another witness went to the store in company with Sexton, defendant's book-keeper, found the door closed but not locked; entered and remained five or ten minutes. Sexton staid to write letters. And while Sexton was within, a negro knocked at the door and was admitted. Sexton also went out of the side door, leaving it open, and walked across the street to speak to his employer.

The court charged as follows:

1. If the jury find from the evidence that the defendant kept his store open on Sunday as alleged, within twelve months next before the commencement of the prosecution, or that any door thereof, through which the public might pass, or had the opportunity of doing so, was kept or left open on Sunday, he would be guilty as charged.

2. If the jury believe from the evidence that a door of the defendant's store was not kept or left wide open, but that it was partially open, or that the locks or fastenings were intentionally left unsecured, so that any person desiring to do so might enter the store as readily as though it were standing open, the defendant would be guilty.

3. If any person, who is a stranger, goes to a store on Sunday and, upon knocking, the door is immediately opened and such person admitted, or invited into the store, this is a keeping open within the prohibition of the statute.

The following prayers were denied:

Keeping open a store in contemplation of law is such a keeping open as would induce customers to enter for the purpose of trade or traffic; and under this charge it is

necessary to prove that the defendant did, in fact, keep open his store; and the mere fact that the defendant's door was opened for a few minutes and was not kept open for any length of time, nor for the purpose of inducing trade or traffic is not sufficient proof of guilt.

If the jury find that the defendant was not in the store and gave no directions to any one as to keeping the door open, or that defendant was not present at the time and knew not that the door was open, he was not responsible for its being open.

We perceive no objections to the charge of the court. And as to the prayers refused; Where an act is in itself indifferent and only becomes criminal when done with a particular intent, there the intent must be proved. But if the act be unlawful, as to keep open a store on Sunday, the law implies the criminal intent and proof of justification or excuse must come from the defendant. *Gantt's Dig.*, 1618; *Shover v. State*, 10 *Ark.*, 259 ; *Britton v. State*, *Ib.*, 299.

The last prayer was inapplicable to the state of facts in proof. No testimony had been offered as to what directions, if any, the accused had given upon the subject of keeping open on Sunday, and his own witness proved he was just across the street at the time the door stood open.

Certainly there is no total lack of evidence to sustain the verdict. Compare *Bennet v. State*, 13 *Ark.*, 694.

